SUPREME COURT OF MISSISSIPPI

THE MISSISSIPPI BAR             COMPLAINANT

FILED

v.                  APR - 5 2005      Docket No. 2004-B-682

DARNELL FELTON     OFFICE OF THE CLERK     RESPONDENT
                            SUPREME COURT
                            COURT OF APPEALS

**BEFORE A COMPLAINT TRIBUNAL CONSISTING OF:**

JUDGE JANNIE M. LEWIS
HONORABLE CONSTANCE SLAUGHTER-HARVEY
HONORABLE LISA M. ROSS

### OPINION AND JUDGMENT

THIS MATTER came before this Tribunal on March 18, 2005, on the Formal Complaint filed by The Mississippi Bar ("the Bar") against Darnell Felton ("Mr. Felton"). The Tribunal, after hearing the testimony of the witnesses, considering the evidence presented, and hearing arguments of counsel for each party finds that Mr. Felton should be suspended from the practice of law for a period of sixty (60) days for the following reasons:

### FINDINGS OF FACT

1. The Bar filed the Formal Complaint in this matter on April 2, 2004. Mr. Felton responded to the Complaint on April 27, 2004.

2. This Tribunal has jurisdiction over the parties and subject matter under Rule 8 of the Mississippi Rules of Discipline ("MRD").

ATTEST
A True Copy
This the _____5th_____ day of
_____April_____ 20 0 5
Office of the Clerk
Supreme Court and Court of Appeals
State of Mississippi
By _____

3. The Bar incurred the sum of $173.19 in costs and expenses during the course of the investigation of the informal [Bar] complaints filed by Judge Larry Lewis and by Laurence Mellon.

4. In addition, the Bar has incurred court costs and other expenses with regard to the formal complaint.

5. At all times relevant to the events of the Formal Complaint, Mr. Felton was duly licensed to practice law in the State of Mississippi. He was also a member of the Bar subject to the disciplinary jurisdiction of the Supreme Court of Mississippi and its designated agencies.

6. The Circuit Court of Coahoma County appointed Mr. Felton to represent Marcus Roberson who had been accused of the crime of murder. Upon his appointment, Mr. Felton agreed to continue his representation of Mr. Roberson and provide effective assistance of counsel in the Courts of the State of Mississippi until relieved of such obligation through employment of another attorney so as not to delay Mr. Roberson's scheduled trial date.

7. Mr. Felton represented Mr. Roberson at trial seven times on the same charge of murder. Four of the trials resulted in hung juries and mistrials after having been tried to conclusion. One trial resulted in a mistrial due to a discovery violation by the District Attorney and one trial ended in a mistrial being declared as a result of improper comments by a potential juror during *voir dire*. The seventh trial ended in a mistrial when Mr. Felton refused to continue his representation of Mr. Roberson. Mr. Felton also represented Mr. Roberson in two appeals to the Mississippi Court of Appeals.

8. The Court scheduled a trial for Mr. Roberson's case beginning September 15, 2003. On the fifth day of the trial, Mr. Felton announced to the Court that he refused to go forward with the trial because he believed the

trial had been fundamentally unfair and that he did not agree with the Court's evidentiary rulings. Mr. Felton considered this action over night and consulted his client regarding his intended course of conduct.

9. The Court requested that Mr. Felton reconsider his decision and warned him of the consequences of such a decision on several occasions. Mr. Felton's decision to not continue was made with full knowledge of the consequences. At one point in the proceedings, Mr. Felton did reconsider and agreed to go forward with the trial. However, he subsequently refused again to go forward with the trial. At that point, the Court ordered Mr. Felton to continue the trial.

10. Mr. Felton refused the order of the Court, prompting the judge to declare a mistrial in the case. In addition, the Court found Mr. Felton in contempt and asked to have another judge appointed to determine whether Mr. Felton should be found in contempt and to assess costs of the trial to Mr. Felton.

11. Mr. Felton was subsequently ordered to pay the costs of trial in the amount of $8,731.60. Mr. Felton is presently paying the costs at the rate of $200.00 month, without interest, until the total amount is paid in full.

12. Mr. Felton knew that he was violating a direct order of the Court to continue the trial. Mr. Felton also knew that he was violating the order appointing him as counsel for Mr. Roberson.

13. Mr. Felton's conduct disrupted the Court such that the Court was forced to declare a mistrial in the case. Mr. Felton's conduct was intended to disrupt the proceeding.

14. Mr. Felton's refusal to go forward with the trial was contrary to the Court's order to continue representation.

## CONCLUSIONS OF LAW

15. By his conduct, Mr. Felton violated the following provisions of the Mississippi Rules of Professional Conduct:

> A. **Rule 1.16(c), MRPC**, which provides that when ordered to do so by a tribunal, a lawyer shall continue representation of a client notwithstanding good cause for terminating the representation.

In this case the Court appointed Mr. Felton to represent Mr. Roberson at trial. While Mr. Felton asserts otherwise, his refusal to go forward with the trial was tantamount to a termination of his representation of Mr. Roberson. Mr. Felton disobeyed the Court's order to continue. Although no showing is required, the Bar has also demonstrated that Mr. Felton had no good cause to withdraw under either part (a) or (b) of Rule 1.16, MRCP. Mr. Felton had a duty under Rule 1.16(c) to continue with the trial. His failure to do so constitutes a violation of this rule.

> B. **Rule 3.4(c), MRPC**, which provides that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

Mr. Felton disobeyed two orders of the Court with regard to Mr. Roberson's case. First, he disobeyed the order appointing him as counsel. In that order, Mr. Felton agreed to continue his representation of Mr. Roberson and provide effective assistance of counsel at all stages of all proceedings including the trial that began on September 15, 2003. Second, he disobeyed the order of the Court on September 19, 2003, in which the Court ordered Mr. Felton to continue the trial. Mr. Felton testified that he knew and understood the consequences of his actions.

      C.     **Rule 3.5, MRPC**, which provides that a lawyer shall not engage in conduct intended to disrupt a tribunal.

Mr. Felton disrupted the trial court when he refused to go forward with the trial. The facts of the case demonstrate that he knew that his conduct would result in a mistrial in that he testified that he considered his actions over night and that the Court warned him on numerous occasions that his conduct would disrupt the tribunal.

      D.     **Rule 8.4(a and d), MRPC**, which provides that it is professional misconduct for a lawyer to violate or attempt to violate a rule of professional conduct or to engage in conduct that is prejudicial to the administration of justice.

In this case, Mr. Felton violated Rules 1.16(c), 3.4(c), and 3.5(c). His violation of these rules constitutes a violation of Rule 8.4(a). Moreover, Mr. Felton's conduct evidences conduct that is prejudicial to the administration of justice and is therefore a violation of Rule 8.4(d).

16. Based on clear and convincing evidence, this Tribunal finds that Mr. Felton has demonstrated unprofessional conduct that should result in the imposition of discipline.

17. In addition to Mr. Felton's conduct, the Tribunal considered Mr. Felton's prior disciplinary record as an aggravating factor in imposing the proper level of discipline in this case. Likewise, the Tribunal considered that Mr. Felton had been assessed the costs of the trial, that he had not received compensation for his representation of Mr. Roberson for the last trial, that he was making full and complete restitution in the case, and that he had admitted his violations of the Rules of Professional Conduct as mitigating factors.

## JUDGMENT

Based on the foregoing findings of fact and conclusions of law, the Tribunal finds as follows:

A. Mr. Felton should be and is hereby **SUSPENDED** from the practice of law in the State of Mississippi **FOR SIXTY (60) DAYS** beginning March 28, 2005.

B. The Tribunal orders the Clerk of the Supreme Court to immediately forward a copy of this Opinion and Judgment to each party and to the Executive Director of The Mississippi Bar.

C. Pursuant to Rule 8.6 of the Rules of Discipline of The Mississippi Bar, the Clerk of the Mississippi Supreme Court shall immediately forward an attested copy of this Opinion and Judgment to the judges of the Circuit, Chancery and County Courts of Coahoma County, Mississippi, with instructions to the senior judges of each of these courts to include a copy in the minutes of each respective Court.

D. Additionally, the Clerk of the Mississippi Supreme Court shall immediately forward an attested copy of this Opinion and Judgment to the Clerks of the United States District Court for the Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States.

E. Mr. Felton shall pay the Bar the sum of $173.19 previously assessed by the Committee on Professional Responsibility for the Bar, plus costs and expenses incurred in the litigation of the instant Formal Complaint. The Tribunal shall determine the amount of the costs and expenses at a later date upon application by the Bar. Upon determination of such an amount, the

Tribunal shall issue an order for costs and expenses. Mr. Felton shall pay all costs and expenses within thirty (30) days of the entry of the order for costs and expenses.

F. The Tribunal hereby enjoins Mr. Felton from practicing law in the State of Mississippi; from holding himself out as an attorney at law; from performing any legal services for others; from directly or indirectly accepting any fee for legal services; from appearing in any representative capacity in any legal proceeding or Court of the State of Mississippi; from holding himself out to others or using his name, in any manner, with the phrases "attorney at law," "attorney," "counselor at law," "counsel," or "lawyer."

G. Within fourteen (14) days of the effective date of his suspension, Mr. Felton shall notify each of his present clients of his suspension, inform each client of his consequent inability to act as an attorney, and advise each client to promptly substitute another attorney or seek legal advice elsewhere. At the request of any client, Mr. Felton shall promptly return all files, papers, money, or other property belonging in his possession to his clients.

H. The Tribunal further orders Mr. Felton to file an affidavit with the Supreme Court of Mississippi stating that he has notified all present clients of his suspension and his consequent inability to act as an attorney. The affidavit shall further state that he returned all files, papers, money, or other property belonging to clients requesting the same consistent with this Opinion and Judgment. In the event he was unable to notify such clients or return their property, he shall state that due diligence was used to do so. Mr. Felton shall submit such affidavit within thirty (30) days of the effective date of this suspension and send a copy of the affidavit to The Mississippi Bar.

I. The Tribunal further orders Mr. Felton to notify all courts, agencies, and adverse parties (or their respective attorneys) in any proceeding in which he is presently involved of his suspension and of his consequent inability to act as an attorney. Mr. Felton shall submit an affidavit to that effect with the Clerk of the Supreme Court of Mississippi within thirty (30) days of the effective date of this suspension and send a copy of such affidavit to The Mississippi Bar.

J. When this Opinion and Judgment is filed with the Clerk it shall become a matter of public record, and the contents of Cause No. 2004-B-79 shall likewise in all respects be a public record.

K. This Opinion and Judgment shall remain in full force and effect until further Order of the Supreme Court of Mississippi.

L. The violation of any term of this Opinion and Judgment may be considered as contempt of court.

SO ORDERED, ADJUDGED AND DECREED, this the 31 day of March, 2005, as rendered on March 18, 2005.

*[signature]*
JUDGE JANNIE M. LEWIS
Presiding Judge

*[signature]*
HON. CONSTANCE SLAUGHTER-HARVEY
Tribunal Member

*[signature]*
HON. LISA M. ROSS
Tribunal Member


PREPARED BY:

*[signature]*
James R. Clark
Assistant General Counsel
The Mississippi Bar